## No. 249

No. 19346—State of Ohio ex rel. The Southern Surety Co. v. Schlesinger, Director of Highways. In Mandamus.

1140. SURETY AND SURETYSHIP— Surety on bond of contractor for public work, subrogated (1123) to rights of state in remaining fund, and entitled to property therein (953a) over contractor's assignee, to secure loans to pay labor and material men (755) claims, altho money was loaned before declaration of forfeiture.

MARSHALL, C. J.

A surety on the bond of a contractor for public work who completes the work after abandonment by the contractor is subrogated to all the rights of the state in the fund remaining at the time of the declaration of forfeiture and entitled to priority of payment of the balance of said fund as against the assignee of said contractor to whom the balance of said fund had been assigned to secure loans received by him the proceeds of which were used in making payment of the claims of laborers and material men, even though the surety on such bond was obligated to pay all claims of laborers and material men, and even though such money was loaned and such claims paid before declaration of forfeiture.

Judgment for relator.

Matthias, Allen and Robinson, JJ., concur. Jones, Day and Kinkade, JJ., dissent.

---

# Weekly Abstract of PENDING CASES

---

## No. 250

LAKE SHORE ELEC. RY. CO. v. HOYER, Admx.

No. 19597. Supreme Court

On motion to certify. Dock. Jan. 25, 1926; 4 Abs. 88.

465. ERROR—In an action for wrongful death is it error to refuse to direct a verdict when it has not been proven that after knowledge of peril a street car was not stopped in time to avoid an accident and that the car could have been stopped after knowledge of peril?

225. CHARGE TO JURY—Is it error to refuse to charge the jury as to the law of contributory negligence in charging the doctrine of the last clear chance?

Virtie B. Hoyer, as administratrix of the estate of Thompson Hoyer, deceased, brought this action originally in the Lucas Common Pleas against The Lake Shore Electric Railway Co. for the alleged wrongful death of Thompson Hoyer.

It appears that on October 17, 1917 an automobile which the deceased was driving skidded upon the company's tracks; that a car was approaching at a rate of 45 or 50 miles per hour; that the motorman applied the brakes as soon as he saw the automobile, about 250 feet away from the place of impact; that when the collision occurred the brake rods of the street car were broken and that as a result the car was unable to stop for about 100 feet beyond the place where the car struck the automobile. The testimony disclosed that it was raining at the time of the accident.

The main witness for Hoyer testified that he had been a motorman for 13 years but that he had never driven a car of the exact size of the car which collided with the automobile. The judgment of $25,000 for the administratrix was affirmed by the Court of Appeals.

The Company, in the Supreme Court contends:

1. That a verdict should have been directed by reason of failure of proof that the car could have been stopped after the motorman apprehended the peril.

2. That the trial court erred in permitting one to testify concerning the operation of a car who had never driven a car of exactly the same size.

3. The trial court erred in omitting to charge the jury as to the law with reference to contributory negligence in charging the application of the doctrine of the last clear chance.

Attorneys—Tolles, Hogsett, Ginn & Morley, Cleveland, and Tyler, McMahon, Smith & Wilson, Toledo, for Company; Stahl & Price, Toledo, and Young & Young, Norwalk, for Hoyer.